(C.D. 3265)

MILLER BROTHERS COMPANY, INC.
CHARLESTON OVERSEAS FORWARDERS, INC. } *v.* UNITED STATES

United States Customs Court, First Division

(Decided January 31, 1968)

*Sharretts, Paley, Carter & Blauvelt* for the plaintiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before WATSON and BECKWORTH, Judges

WATSON, Judge: This suit has been submitted for decision on the following agreement between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States that the merchandise marked "A" and initialed DCH (Initials) by Commodity Specialist D. C. Humphreys (Commodity Specialist's Name) on the invoice accompanying the entry the subject of the above captioned protest, which was assessed for duty at the rate of 25 per centum ad valorem plus 3½ cents per pound under the provisions of paragraph 27(a)(4)(5) of the Tariff Act of 1930, as modified, consists of Polycolle PK-1 cement similar in all material respects to that the subject of *Norton & Ellis, Inc.* v. *United States*, C.D. 2440, and therein held dutiable under the provisions of paragraph 205(d) of the Tariff Act of 1930, as modified by T.D. 51802, at the rate of 5 per centum ad valorem.

IT IS FURTHER STIPULATED AND AGREED that the record in C.D. 2440 may be incorporated in and made a part of the record herein.

IT IS FURTHER STIPULATED AND AGREED that the instant protest is submitted for decision upon this stipulation and the foregoing incorporated record, the same being limited to the merchandise and the issue described hereinabove and abandoned in all other respects.

Accepting this stipulation as a statement of fact, we hold the merchandise marked with the letter "A" and initialed D.C.H. by Commodity Specialist D.C. Humphreys on the invoice accompanying the entry covered by the involved protest properly dutiable at the rate of 5 per centum ad valorem under paragraph 205(d) of the Tariff Act of 1930, as modified, as other cement, not specially provided for, as claimed.

To the extent indicated the protest is sustained. In all other respects and as to all other merchandise, all the claims are overruled.

Judgment will issue accordingly.